**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25177-CIV-MARTINEZ**

NICANOR GONZALEZ TRIANA,

Petitioner,

v.

MIAMI ICE FIELD OFFICE
DIRECTOR *in her official capacity*; *et al.*,

Respondents.
_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner Nicanor Gonzalez Triana's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted, [ECF No. 4]. Respondents filed their Response on August 7, 2026 ("Response"), [ECF No. 5][1], and Petitioner replied on August 12, 2026 ("Reply"), [ECF No. 6]. The Court has carefully considered the entire record, the relevant law, and is otherwise fully advised. For the reasons stated below, the Petition is **GRANTED in part**.

## I. BACKGROUND

Petitioner Nicanor Gonzalez Triana is a native and citizen of Cuba who has lived in the United States for more than three decades. (Pet. ¶ 1). He was placed in removal proceedings in

---

1 Respondents' Response includes numerous heavily redacted Exhibits. (*See generally* [ECF No. 5]). The Court's Order to Show Cause [ECF No. 4], required any party who filed a "document containing one or more redactions" to also "file an unredacted version of the same document under seal." Respondents did not do so. As Respondents failed to comply with the Court's Order and did not explain their failure to comply, the Court will not consider any Exhibit containing redactions.

2014 following a February 2011 conviction for offenses related to conspiracy to transport undocumented individuals for financial gain. (*Id.* ¶¶ 2–3). He was released into the community on an Order of Recognizance on September 24, 2019. (*Id.* ¶ 3). On October 21, 2021, Petitioner was issued a final order of removal to Cuba. (*Id.*).

Petitioner remained at liberty in the United States, without incident, for more than six years after his release on recognizance, until January 27, 2026, when he was detained by Immigration and Customs Enforcement ("ICE") during a traffic stop. (*Id.* ¶ 4). Following the stop, Petitioner was arrested and taken into ICE custody pending removal. (*Id.*).

Petitioner alleges that ICE officers did not conduct an interview, did not provide him with any documentation explaining the basis for his detention, and did not afford him an opportunity to respond before taking him into custody. (*Id.*). Since his arrest, Petitioner has not spoken with a deportation officer and has not received a meaningful explanation for his continued detention. (*Id.* ¶ 5).

The Cuban government has denied Petitioner repatriation.[2] (*See* Declaration of Deportation Officer Kevin Dorleus ("Dorleus Decl.") [ECF No. 5-6] ¶ 25). Petitioner was nominated for third-country removal to Mexico. (*See id.* ¶ 26). Respondents claim that a Notice of Removal to Mexico was served on Petitioner March 20, 2026, and he refused to sign.[3] (*See* Resp. 3). Petitioner has yet to be removed and remains detained. (*See generally* Pet.).

---

[2] It is unclear whether this was ever communicated to Petitioner.

[3] Respondents, however, provide no context and no support for this representation. While they filed a copy of a Notice of Removal to Mexico as an Exhibit, the document is redacted and no unredacted version was filed, in violation of the Court's Order, [ECF No. 4]. (*See* Notice of Removal [ECF No. 5-16]). The Court cannot determine who served Petitioner or even what language Petitioner was served in. (*See id.*). Respondents provide no details about how Petitioner was served and how or why he refused to sign. While Respondents frame Petitioner's alleged refusal to sign as an attempt to thwart his removal, they do not provide any support for that assertion. (*See generally* Resp.).

## II. LEGAL STANDARD

District courts are authorized to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). "The typical remedy for such detention is, of course, release." *Id.* (citation omitted). "Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law." *Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) (citing *Nelson v. Campbell*, 541 U.S. 637, 644 (2004)) (other citations omitted). Further, the Fifth Amendment's Due Process Clause forbids the Government to "depriv[e]" any "person . . . of . . . liberty . . . without due process of law." "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

## III. DISCUSSION

The Petition includes three counts. The first count alleges a violation of the Due Process Clause of the Fifth Amendment as explained in *Zadvydas v. Davis*, 533 U.S. 678 (2001), as Petitioner has been detained for more than 180 days, and he is not likely to be removed in the reasonably foreseeable future. (Pet. ¶¶ 48–52). The second count alleges a violation of the Due Process Clause of the Fifth Amendment as Respondents have never afforded Petitioner an opportunity to contest his continued detention before a neutral decisionmaker. (*Id.* ¶¶ 53–57). Finally, Petitioner alleges a violation of the *Accardi* doctrine and 8 C.F.R. § 241.4, 212.12, claiming that Respondents did not have the authority to detain him. As the Court is granting relief on the first count, it need not address the second and third counts.

Petitioner argues that his current detention violates the Due Process Clause of the Fifth Amendment because he has been detained for more than 180 days and he is not removable in the reasonably foreseeable future. (*See* Pet. ¶¶ 48–52). Petitioner asserts that Cuba is not issuing travel documents, has a documented history of refusing to accept individuals ordered removed from the United States, and relations between the two countries remain fraught. (*See id.* ¶ 50). Further, Petitioner alleges that "Respondents have not identified any country willing to accept Petitioner, have not secured any travel document, and have not demonstrated any significant likelihood that Petitioner's removal will occur in the reasonably foreseeable future." (*Id.* ¶ 51).

Respondents concede that Petitioner has been detained longer than 180 days, but argue that his "prolonged detention is the result of Petitioner's own conduct and Petitioner's argument that his removal is not reasonably foreseeable lacks merit." (Resp. 4). In reply, Petitioner argues that Respondents' claims are unsubstantiated and that Respondents still have not established that Mexico will accept Petitioner. (*See* Reply).

ICE generally must remove an alien subject to a final order of removal within ninety days. *See* 8 U.S.C. § 1231(a)(1)(A). Once that "removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578–79 (2022) (quoting 8 U.S.C. § 1231(a)(6)). But "Section 1231(a)(6) does not expressly specify how long detention past the 90-day removal period may continue for those who fall within the four designated statutory categories." *Id.* at 579.

To avoid the "serious constitutional concerns" involved in "indefinite detention," the Supreme Court has "construe[d] the statute to contain an implicit 'reasonable time' limitation" of

six months, "the application of which is subject to federal-court review." *Zadvydas*, 533 U.S. at 682. "[I]n order to state a claim under *Zadvydas*[,] the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). The Government must then "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. If removal is no longer reasonably foreseeable, continued detention is no longer authorized. *Id.* at 699 (citation omitted).

"Courts in this Circuit have consistently held that, when a habeas petitioner is responsible for thwarting his removal, he cannot show that there is no reasonable likelihood that he will not be removed in the reasonably foreseeable future[.]" *Lambert v. Garland*, 2023 WL 2016841, at *3 (S.D. Fla. Feb. 15, 2023) (quotation marks omitted); *see also* 8 U.S.C. § 1231(a)(1)(C) (stating that the "removal period shall be extended . . . if the alien . . . acts to prevent the alien's removal subject to an order of removal"); *Linares v. DHS*, 598 F. App'x 885, 887 (11th Cir. 2015) ("[T]he government has attempted to repatriate him five times . . . and he admits that his obstructive actions, failure to cooperate, and frequent litigation are the only reasons he remains in the United States."); *Vaz v. Skinner*, 634 F. App'x 778, 782 (11th Cir. 2015) ("Brazil has not refused to accept Petitioner. In fact, the Consulate has indicated that it cannot issue Petitioner a travel document unless he voluntarily signs for it." (citations omitted)); *see also Guo Xing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal.").

Here, Respondents concede that Petitioner has been detained for over six months. (*See* Resp. 4). Thus, the burden shifts to Petitioner to show that he is not likely to be removed in the reasonably foreseeable future. Petitioner met that burden. Petitioner alleges that Respondents

"have not identified any country willing to accept Petitioner" and "have not secured any travel document[.]" (Pet. ¶ 51). Even though Respondents claim that Petitioner was ordered removed to Mexico (*see* Resp. 3), Respondents fail to state whether Mexico is willing to accept Petitioner or whether any travel documents have been secured (*see generally id.*). Respondents fail to explain what impact, if any, Petitioner's alleged failure to sign the Notice of Removal has on his removal to Mexico, and thus, the Court will not find that Petitioner's alleged failure to sign was an attempt to thwart his removal. (*See generally* Resp.). As Respondents present no evidence and make no argument as to the likelihood of Petitioner's removal in the reasonably foreseeable future, the Court must grant the Petition and order Petitioner's immediate release.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus **[ECF No. 1]**, is **GRANTED as stated herein**.

2. Respondents shall release Petitioner from custody **IMMEDIATELY**.

3. Respondents shall file a notice with the Court within 48 hours confirming Petitioner's release in compliance with this Order.

4. The Clerk is directed to **CLOSE** this case.

5. The Court retains jurisdiction to enforce this Order.

**DONE AND ORDERED** in Miami, Florida, this 14 day of August 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record